IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARL JACKSON, 1511834,      ) | |
| Plaintiff,                  ) | |
|                             ) | |
| v.                          ) | No. 3:08-CV-2139-B |
|                             ) | ECF |
| GENE KNIZE, ET AL.,         ) | |
| Defendants.                 ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I. Parties

Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are Judge Gene Knize, Assistant District Attorney Shelly Shook, and Ferris Police Officers Sam Love and Mike Aston.

### II. Background

At the time Plaintiff filed this complaint, he was incarcerated in the Bradshaw State Jail. He states Defendant Judge Knize defamed him by presiding over his trial and that Assistant District Attorney Shook defamed him by prosecuting him. He also states these Defendants violated his Eighth Amendment rights by sending him to jail during the "hottest time of the year." Plaintiff claims Defendant Sam Love secretly recorded his conversations when he was being questioned, and Defendant Mike Aston committed perjury when testifying against him.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -1-

**III. Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**IV. Discussion**

**1.    Immunity**

Plaintiff raises claims against Judge Knize, who presided over his trial, and Assistant District Attorney Shook, who prosecuted his case. These claims, however, are barred by

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

immunity. The United States Supreme Court has recognized absolute judicial immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Similarly, prosecutors have absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). These claims should therefore be dismissed.

**2.     Heck v. Humphrey**

Plaintiff claims that Officer Love secretly recorded his conversations while he was being questioned, and then used the recording against him at trial. Plaintiff states Officer Aston committed perjury when he testified against Plaintiff.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claims are clearly connected to the legality of his conviction. A finding in favor of Plaintiff would imply the invalidity of his conviction. Plaintiff's conviction, however, has not been reversed, expunged, or otherwise invalidated. (*See* Magistrate Judge's Questionnaire, Answer No. 2). Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until

*Heck* conditions are met).

**3.     Conviction**

Plaintiff states he wants this Court to overturn his conviction and "clear his name." A suit under § 1983, however, provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). A suit under § 1983 does not provide for overturning Plaintiff's state court conviction. This claim should be denied.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims against Defendants Love and Aston be dismissed with prejudice until the *Heck* conditions are met; and (2) Plaintiff's remaining claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Signed this 9th day of June, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the**
**United States Magistrate Judge**              Page -5-